### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

FRANSISCA ARIAS, CHERIE LYN COWELL, PATRICIA KOSTAK, CRISTINA LINDNER, JOHANA PENA, and RAVEN VENTURA, on behalf of themselves and all others similarly situated,

|                                      |  CIVIL ACTION |

Plaintiffs,

No. 3:23-cv-01226-RK-JBD

v.

AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC D/B/A ANNIEMAC HOME MORTGAGE, FAMILY FIRST FUNDING, LLC, GABRIEL GILLEN, an individual, NEUSA GILLEN, an individual and SCOTT WEIKEL, an individual,

Defendants.

---

**OMNIBUS MEMORANDUM OF LAW ON BEHALF OF DEFENDANT SCOTT WEIKEL IN OPPOSITION TO MOTIONS OF ANNIEMAC, GABRIEL AND NUESA GILLEN, AND CLASS PLAINTIFFS FOR AN ORDER ENFORCING SETTLEMENT**

---

**Dominic J. Aprile, Esq. #014391977**
**BATHGATE, WEGENER & WOLF**
A Professional Corporation
One Airport Road
Lakewood, NJ 08701
(732) 363-0666
daprile@bathweg.com
Co-counsel for Defendant Scott Weikel

Dominic J. Aprile, Esq.
    Of Counsel and on the Brief
Daniel J. Carbone, Esq.
    On the Brief

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF MATERIAL FACTS............................................................................1

LEGAL ARGUMENT........................................................................................................4

    **POINT I**

    DEFENDANT    SCOTT    WEIKEL'S    MOTION    TO    ENFORCE
    SETTLEMENT SHOULD BE GRANTED...........................................................................4

        A.      The Standard under Federal Common Law ......................................................4

        B.      The Standard Under New Jersey Law. ...............................................................5

                o   Analysis ...................................................................................................7

    **POINT II**

    THE CONDITION THAT SCOTT NOT BE PROHIBITED FROM PURUSING HIS
    STATE LAW CLAIMS CONSTITUTES AN ESSENTIAL MATERIAL TERM OF THE
    SETTLEMENT ...................................................................................................................9

CONCLUSION ...................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

<u>**CASES CITED**</u>                                                                                      <u>**Page**</u>

<u>Anthony L. Petters Diner, Inc. v. Stellakis,</u>
202 N.J. Super. 11 (App. Div. 1985) ..................................................................6

<u>Atlantic N. Airlines, Inc. v. Schwimmer,</u>
12 N.J. 293 (1953) ..........................................................................................5

<u>Barco Urban Renewal Corp. v. Housing Auth.,</u>
674 F.2d 1001 (3rd Cir. 1982) .........................................................................5

<u>Barr v. Barr,</u>
418 N.J. Super. 18 (App. Div. 2011) ................................................................6

<u>Brundage v. Estate of Carambio,</u>
195 N.J. 575 (2008) ........................................................................................6

<u>Caruso v. Ravenswood Developers, Inc.,</u>
337 N.J. Super 499 (App. Div. 2001) ..............................................................6

<u>Dept. of Pub. Advocate v. NJ Bd. of Pub. Ut.,</u>
206 N.J. Super 523 (App. Div. 1985) ..............................................................7

<u>Good v. Pennsylvania R.R. Co.,</u>
384 F.2d 989 (3 Cir. 1967)...............................................................................5

<u>Great Atl. & Pac. Tea Co. v. Checchio,</u>
335 N.J. Super. 495 (2000)...............................................................................7

<u>Henchy v. City of Absecon,</u>
148 F.Supp.2d 435 (D.N.J. 2001) ....................................................................6

<u>Honeywell v. Bubb,</u>
130 N.J. Super. 130 (App. Div. 1974) ..............................................................5

<u>In re Columbia Gas System Inc.,</u>
50 F.3d 233 (3rd Cir. 1995) ..............................................................................9

<u>Kieffer v. Best Buy,</u>
205 N.J. 213 (2009) ........................................................................................6

<u>Leitner v. Braen,</u>
51 N.J. Super 31,38 (App. Div. 1958) .............................................................5

Marchak v. Claridge Commons, Inc.,
134 N.J. 275 (1993) ........................................................................6

Marioni v. Roxy Garments Delivery Co.,
417 N.J. Super. 269 (App.Div.2010) ...............................................7

New York State Electric & Gas Corp. v. F.E.R.C.,
875 F.2d 43 (3d Cir. 1989) .............................................................5

Pascarella v. Bruck
190 N.J. Super 118 (App. Div. 1983) ..............................................5

Quinn v. Quinn,
225 N.J. 34 (2016) ..........................................................................6

Ram Constr. Co. v. American States Ins. Co.,
749 F.2d 1049 (3d Cir. 1984) .........................................................5

Saber v. Finance America Credit Corp.,
843 F.2d 697 (3rd Cir. 1988) ..........................................................4

Sears, Roebuck & Co. v. Camp,
124 N.J. Eq. 403 (E &A 1938) .......................................................7

Stern v. Larocca,
49 N.J. Super 496 (App. Div. 1958) ................................................7

Tessmar v. Grosner,
23 N.J. 193 (1957) ..........................................................................6

US Bank Nat. Ass'n v. Guillaume,
209 N.J. 449 (2012) ........................................................................7

Williams v. Metzler,
132 F.3d 937 (3rd Cir. 1997) ..........................................................5

Zacharczuk v. Rego Trading, Inc.,
2022 U.S. Dist. LEXIS 170406 at *2 130 (D.N.J. 2022) ................7

**STATUTES**
New Jersey Wage and Hour Law ("NJWHL") N.J.S.A §34:11-56a, et seq........................2

**OTHER AUTHORITIES**
Fair Labor Standards Act ("FLSA") 29 U.S.C.§201, et seq...............................2

John N. Pomeroy, Equity Jurisprudence,
  §109 (4th Ed. 1918) .................................................................................................7

Restatement (Second) of Contracts,
  §202(1).................................................................................................................6

iv

## PRELIMINARY STATEMENT

On March 31, 2025, this Court granted the parties leave to file motions to enforce a settlement. Those motions were filed on April 25, 2025, and are currently returnable May 19, 2025. This omnibus brief is submitted on behalf of Defendant Scott Weikel ("Scott") in opposition to the motions filed by AnnieMac Home Mortgage ("AnnieMac"), Gabriel Gillen ("Gabriel "), and Neusa Gillen ("Neusa"), and the Class Plaintiffs. Scott filed his own motion in which Scott seeks an Order requiring Defendants Gabriel Gillen and Neusa Gillen to sign the form of a settlement agreement that contains terms that all other parties have agreed to sign which contains a waiver of the entire controversy defense. AnnieMac seeks an Order compelling settlement of the form of agreement that was finalized on January 15, 2025.

For the foregoing and following reasons, it is respectfully submitted that this Court should deny the motions of AnnieMac, Gillen, Neusa, and the Class Plaintiffs and enter an Order enforcing the settlement agreement consistent with the material condition that an entire controversy defense cannot be asserted against Scott Weikel in the pending State Court litigation. In the alternative, there is no meeting of the minds, and the settlement agreement should be declared null and void.

## STATEMENT OF MATERIAL FACTS

Scott relies upon the Statement of Material Facts submitted in connection with Scott's motion to enforce the settlement agreement as though set forth herein at length. Scott supplements his Statement of Material Facts here in direct response to the motions filed by AnnieMac, Gabriel and Nuesa Gillen, and the Class Plaintiffs.

As this Court knows, the underlying litigation in this matter involves claims by Class Plaintiffs against Defendants for the alleged failure to pay appropriate employment wages under

1

the Federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, et seq., and the New Jersey Wage and Hour Law (the "NJWHL"), N.J.S.A. §34:11-56a, et seq. Those claims were settled during a settlement conference with Magistrate Judge J. Brendan Day on December 17, 2024. The settlement of the claims was conditional. Scott only agreed to settle the class action dispute if his claims against the other Defendants were preserved.

The only material terms of settlement that were placed on the record were financial terms, mutual releases between the Plaintiffs and Defendants, an agreement of confidentiality, a New Jersey law provision, that there would no admissions of liability, that payments would be made within thirty (30) days, that this Court would retain jurisdiction, and an attorney fee provision for enforcement of a consummated settlement agreement.  (Transcript page 4, line 16 to line 25; Transcript page 9, line 6 to line 19; Transcript page 10, line 18 to line 19; Transcript page 16, line 4 to line 12). Counsel for AnnieMac represented on the record that a draft settlement agreement would be circulated on or before January 7, 2025, and that the parties would work in good faith, best efforts to consummate that agreement, but acknowledged that if the form of agreement could not be consummated, the parties were free to seek enforcement and/or litigate the class action dispute. (See Transcript page 9, line 6 to line 19).  In relevant part, the discussion related to releases was as to releases from the Plaintiffs to the Defendants. (See Transcript page 10, line 22 to line 25).  As noted in AnnieMac's brief, the terms of the release among the Defendants were not placed on the record at the Conference. (AnnieMac Brief at page 3).  As further noted by AnnieMac in its brief, "Weikel's counsel and Judge Day told AnnieMac… (i) that Weikel would not agree to expressly release claims relating to Gillen's debt and (ii) to keep those claims divorced from this matter." (AnnieMac Brief at page 5).

2

In fact, Weikel expressly stated that his claims must be preserved as a condition of settlement (Dec. of Weikel, dated April 25, 2025). This is evidenced by the email that Scott's personally retained attorney wrote to Ms. Weckerly on December 16, 2024, which provided that any settlement must

> include a reservation of rights that provides that any claims or rights that Mr. Weikel may have against or involving the co-defendants (other than as to his contributing monetarily to the settlement) shall be reserved and preserved, and any such claims that may be pursued by Mr. Weikel shall not be subject to the Entire Controversy Doctrine or any other claim-preclusion rule or doctrine...

(Exhibit "C" to April 25, 2025 Carbone Dec.).

Ms. Weckerly confirmed receipt of this correspondence and reiterated the understanding that Scott would not release any claims against the Defendants. (Exhibit "D" to April 25, 2025 Carbone Dec.).

AnnieMac argues that the terms of the settlement agreement were negotiated and accepted by Scott during the drafting phase of the settlement agreement. However, the draft settlement agreement was not provided to Scott or Scott's personal counsel until January 7, 2025. Upon receipt of the proposed draft settlement agreement on January 7, 2025, Scott's personal attorneys advised Ms. Weckerly of the language that needed to be added to make the draft settlement agreement consistent with Mr. Weikel's understanding of the terms that had been agreed upon on December 17, 2024. The Defendants rejected that language. On January 17, 2025, Scott's personal attorneys entered an appearance as co-counsel for Scott to assist with consummating the settlement consistent with Scott's understanding of the terms that he agreed to during the December 17, 2024 settlement conference.

Pursuant to the agreement placed on the record, the parties engaged in good faith to consummate a resolution of the issue pertaining to the release language, and the parties effectively

3

resolved the dispute. On February 27, 2025, Robert Horwitz, counsel for AnnieMac, sent an email

with revised terms, indicating that the newly proposed terms were acceptable to both AnnieMac

and Family First Funding. Those terms were as follows:

> Named Defendants agree not to sue each other for all claims concerning the right to be reimbursed for any payment made under this Agreement or any cost or expenses, including reasonable attorneys' fees incurred in this Action. AnnieMac, Family First, Gabe Gillen, Neusa Gillen , and Scott Weikel (collectively, the "Named Defendants"), do not waive or covenant not to sue for any other claim that they may have against each other or an entity or person other than a Releasee not including the Named Defendants, including but not limited to the claims in the matter captioned "Scott Weikel v. Gabriel Gillen et al," in the Superior Court of New Jersey, Monmouth County, Docket No. MON-L-004252-24 (the "State Court Action").

> Weikel and the Named Defendants in the State Court Action further agree that they will not use the failure of a Named Defendant in Arias to file a cross-claim against another Named Defendant in Arias *to seek dismissal of any claim in the State Court Action through the assertion of the entire controversy doctrine, res judicata, or collateral estoppel.*[1] The Named Defendants reserve the right to assert any other legal defenses against each other.

Scott agreed to those terms. The Gillens, however, did not. Subsequently, during a follow-

up case management with this Court, the parties limited the last remaining issue to waiver of the

entire controversy defense. The Gillens have refused to waive that defense.

## LEGAL ARGUMENT

### POINT ONE

### DEFENDANT SCOTT WEIKEL'S MOTION TO ENFORCE SETTLEMENT SHOULD BE GRANTED

#### A. The Standard Under Federal Common Law

It is well-settled that a settlement agreement is a contract governed by basic contract

principles. *Saber v. Finance America Credit Corp.*, 843 F. 2d 697, 703 (3rd Cir. 1988); *see also*

---

[1] Emphasis added.

*New York State Electric & Gas Corp. v. F.E.R.C.*, 875 F.2d 43, 45 (3d Cir.1989) (stating that "basic contract principles apply to settlement agreements.").

An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. *Good v. Pennsylvania R.R. Co.*, 384 F.2d 989 (3 Cir. 1967). The court should consider the situation of the parties, the attendant circumstances and the ends they sought to achieve. *Id.* at 1007 (*citing Atlantic N. Airlines, Inc. v. Schwimmer,* 12 N.J. 293, 301-03, (1953); *see also Restatement (Second) of Contracts* § 202(1)). "In determining the legal effect an agreement will have on an event the parties did not foresee, the process is construction, not interpretation." *Ram Constr. Co. v. American States Ins. Co.,* 749 F.2d 1049, 1052-53 (3d Cir.1984). Interpretation of the contractual language is the first step towards proper construction. In the process of interpreting a contract, the court seeks to ascertain the intent of the parties. *Barco Urban Renewal Corp. v. Housing Auth.,* 674 F.2d 1001, 1008 (3d Cir.1982). "By intention, courts do not mean the actual subjective intention of the parties, but the objective manifestations of intent." *Barco Urban Renewal,* 674 F.2d at 1008-1009 (citing *see Leitner v. Braen,* 51 N.J. Super. 31, 38, 143 (App. Div. 1958)). "In the process of defining the objective intent of the parties, a court must examine the entire agreement." *Williams v. Metzler*, 132 F. 3d 937, 947(3rd Cir.1997).

**B.  The Standard Under New Jersey Law**

It is a well-settled principle in New Jersey that a settlement agreement between parties in litigation is a contract governed by basic contract principles. Absent a demonstration of "fraud or other compelling circumstances," a court will enforce a settlement agreement as it would any other contract. *Pascarella v. Bruck*, 190 N.J. Super. 118 (1983); *Honeywell v. Bubb*, 130 N.J. Super. 130, 136 (App. Div. 1974). "'[T]he settlement of litigation ranks high in our public policy,'" and

we "'strain to give effect to the terms of a settlement wherever possible.'" *Brundage v. Estate of Carambio*, 195 N.J. 575, 601 (2008) (citations omitted). "Our strong policy of enforcing settlements is based upon 'the notion that the parties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone.'" Ibid. (citation omitted).

Courts "should give contractual terms 'their plain and ordinary meaning,' unless specialized language is used peculiar to a particular trade, profession, or industry." *Kieffer v. Best Buy*, 205 N.J. 213, 223 (2009) (citations omitted). "[W]hen the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." *Quinn v. Quinn*, 225 N.J. 34, 45 (2016). It is well-settled that courts enforce contracts "based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract." *Caruso v. Ravenswood Developers, Inc.*, 337 N.J. Super. 499, 506 (App. Div. 2001) (citing *Marchak v. Claridge Commons, Inc.*, 134 N.J. 275, 282 (1993).

As a general rule, courts should enforce contracts as the parties intended. *Henchy v. City of Absecon*, 148 F.Supp.2d 435, 439 (D.N.J.2001); *Barr v. Barr*, 418 N.J. Super. 18, 32 (App. Div. 2011). Similarly, a court must discern and implement the common intention of the parties. *Tessmar v. Grosner*, 23 N.J. 193, 201 (1957). "In the quest for the common intention of the parties to a contract, the court must consider the relations of the parties, the attendant circumstances, and the objects they were trying to attain." *Anthony L. Petters Diner, Inc. v. Stellakis*, 202 N.J. Super. 11, 27 (App. Div. 1985). This is permissible even when the contract on its face is free from ambiguity. "[E]vidence of the situation of the parties and the surrounding circumstances and conditions is

admissible in aid of interpretation." *Great Atl. & Pac. Tea Co. v. Checchio*, 335 N.J. Super. 495 (2000); *Stern v. Larocca*, 49 N.J. Super. 496, 501 (App. Div. 1958).

A court has the inherent power to enforce and/or modify settlement agreements. "Courts of equity have long been charged with the responsibility to fashion equitable remedies that address the unique setting of each case." *US Bank Nat. Ass'n v. Guillaume*, 209 N.J. 449 (2012). Equitable remedies "are distinguished for their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application...." *Sears, Roebuck & Co. v. Camp*, 124 N.J. Eq. 403, 411-12 (E. & A.1938) (quoting *John N. Pomeroy, Equity Jurisprudence* § 109 (4th ed. 1918); *see also Marioni v. Roxy Garments Delivery Co.*, 417 N.J. Super. 269, 275 (App. Div. 2010) ("In fashioning relief, the Chancery judge has broad discretionary power to adapt equitable remedies to the particular circumstances of a given case"); *Dept. of Pub. Advocate v. NJ Bd. of Pub. Ut.*, 206 N.J. Super. 523 (App. Div. 1985) (permitting modifications of settlement agreements in the interest of justice).

## C. Analysis

The Class Plaintiff argues that the objective manifestations of the intent of the parties does not establish that Weikel intended for there to be a waiver of defenses related to the entire controversy doctrine, and that Weikel's subjective understanding cannot form a basis for claim to enforce the settlement agreement or to declare the agreement void for no meeting of the minds. The Class Plaintiffs rely upon *Zacharczuk v. Rego Trading, Inc.*, 2022 U.S. Dist. LEXIS 170406, at *2 (D.N.J. 2022). However, in *Zacharczuk*, the issue was the construction of a confidentiality term that was expressly placed on the record. The Court held that the confidentiality provision was unambiguous and enforceable as expressed on the record. In *Zacharczuk*, the parties agreed to confidentiality and manifested their assent to that term on the record, stating that the "plaintiff

7

agrees to full confidentiality to the extent permitted by public policy of the settlement and settlement terms." The issue presented before the Court was whether this confidentiality clause included plaintiff's lawyer. The defendants argued that the "phrase used on the record in expressing confidentiality is ambiguous" and could reasonably include the plaintiff's lawyer." The court disagreed. The Court stated that the qualifier "full" in the phrase "plainly means that plaintiff would be bound to abide by as much confidentiality as the law allowed." Because the Court held that the confidentiality clause placed on the record was "clear and unambiguous," the Court did not need to look past the confidentiality provision.

Here, in the case at hand, the agreement provided that general releases were provided from the Plaintiffs to the Defendants. No express terms related to releases between the Defendants were placed on the record. Thus, the terms governing releases between the Defendants are unclear and ambiguous and require an analysis of the intent of the parties. Here, there are clear objective manifestations of Scott's intent to enter into the agreement if and only if his state law claims were preserved. Defendant Scott Weikel agreed to settle the litigation with the Plaintiffs under the condition that all claims that Scott anticipated bringing against the other Defendants were preserved and would not be adversely affected by having participated in the Settlement. The attendant and surrounding circumstances make it apparent and obvious that Scott intended to preserve his claims against the Defendants and that the entire controversy doctrine could not be asserted as defense that could bar Scott's State Court claims. There is no legitimate dispute that the parties agreed that Scott was preserving his claims against the parties. AnnieMac confirmed this manifestation of intent by confirming that it sought a release of Weikel's claims and that Weikel would not agree to release claims relating to Gillen's debt. (AnnieMac Brief at page 5).

8

## POINT TWO

### THE CONDITION THAT SCOTT NOT BE PROHIBITED FROM PURUSING HIS STATE LAW CLAIMS CONSTITUTES AN ESSENTIAL MATERIAL TERM OF THE SETTLEMENT

AnnieMac argues "a release is not a material and essential term of a settlement agreement and will not preclude its enforceability" as a matter of law. (AnnieMac brief at page 7). In support of this argument, AnnieMac cites to In re Columbia Gas System Inc., 50 F.3d 233, 243 (3d Cir. 1995). However, in *Columbia Gas System Inc.*, the Court classified the execution of a general release as an ministerial act, which does not "alter the relationship forged by the settlement agreement." The release at issue in this settlement agreement, however, is not a normal release entered into in following the consummation of a settlement. The release, or in this case, language providing that Scott would not be precluded from pursuing any claims under a doctrine such as the entire controversy doctrine, was a material term and condition for Scott's agreement to settle. It is not a ministerial act as defined by *Columbia Gas System Inc.* because it is a reservation of a right that could otherwise be waived, a material condition of settlement, and without those terms in place, no settlement would have been consummated.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court deny the motions of AnnieMac, the Gillens, and the Class Plaintiffs and grant the motion of the Defendant Scott Weikel for an Order enforcing the settlement agreement with the express term that the Defendants are prohibited from asserting an entire controversy defense against Scott Weikel in the pending State Court litigation. In the alternative, this Court should find that there is no meeting of minds and declare the settlement agreement null and void.

9

BATHGATE, WEGENER & WOLF, P.C.
Attorneys for Defendant Scott Weikel

BY:_____
          DOMINIC APRILE

Dated:        Ocean County, New Jersey
              May 5, 2025

BATHGATE, WEGENER & WOLF, P.C.
Attorneys for Defendant Scott Weikel

BY:_____
          DANIEL J. CARBONE

Dated:        Ocean County, New Jersey
              May 5, 2025

10