# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

NEW JERSEY OFFICE
*Cherry Tree Corporate Center*
*Suite 501*
*535 Route 38 East*
*Cherry Hill, NJ 08002*
*(856) 663-4300 Fax: (856) 663-4439*

*Noreen P. Kemether*
Member NJ & PA Bars
(215) 832-4244
NKemether@moodklaw.com

May 8, 2025

***VIA ECF***
Honorable J. Brendan Day, U.S.M.J.
United States District Court
District Court of New Jersey
402 East State Street, Courtroom 7E
Trenton, NJ 08608

> **Re:    Arias,** *et al.* **v. American Neighborhood Mortgage Acceptance Company, LLC**
> **d/b/a AnnieMac Home Mortgage,** *et al.*
> <u>**Case No. 3:23-cv-01226-RK-JBD**</u>

Dear Judge Day,

This Firm represents Defendants Gabe and Neusa Gillen (the "Gillens") in this matter, who also are both represented by Thomas A. Hagner, Esquire with Hagner & Zohlman, LLC in the matter "<u>Scott Weikel v. Gabriel Gillen, *et al*</u>," pending in the Superior Court of New Jersey, Monmouth County, Docket No. MON-L-004252-24 (the "State Court Action") filed against them by Defendant Scott Weikel, who is represented by Dominic J. Aprile, Esquire with Bathgate, Wegener and Wolf, P.C. in the State Court Action.

Please accept this in response to the Motion to Enforce Settlement (re) filed by co-defendant Scott Weikel on May 5, 2025 and his "Omnibus Opposition" to the Motions to Enforce filed by the Gillens, FFF (via joinder in the motions filed by the Gillens and AnnieMac)[1], AnnieMac and Plaintiffs.

To the point - neither the Gillens nor their counsel ever agreed to waive any possible claims or defenses they may have in any other lawsuit against any other party, including Weikel, except specifically as follows:

> "…**not to sue** each other for any and all claims concerning the **right to be reimbursed for any payment made under this Agreement** or any cost or expenses, including reasonable attorneys' fees incurred in this Action."

Weikel can point to nothing in an transcript, writing, term sheet or discussion that the Parties ever, at any time, discussed or agreed to waive any defenses in any other action brought against them. There is no dispute that the Gillens and Weikel specifically preserved and reserved

---

[1] Per its prior joinder motion, FFF joins in on the Gillens' response to Weikel's opposition to the motion to enforce the settlement.

{04225299 v1}

| Philadelphia | Westchester County | Wilmington | Towson | New York | Pittsburgh |
|---|---|---|---|---|---|
| Pennsylvania | New York | Delaware | Maryland | New York | Pennsylvania |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C**.
May 8, 2025
Page 2

the right to bring any other actions against one another.  However, neither the Gillens nor Weikel ever agreed to waive any defenses they might have in any other action.

The Gillens can agree to the following language in the proposed settlement agreement and release:

> AnnieMac, Family First, Gabe Gillen, Neusa Gillen , and Scott Weikel (collectively, the "Named Defendants"), agree not to sue each other for any and all claims concerning the right to be reimbursed for any payment made under this Agreement or any cost or expenses, including reasonable attorneys' fees incurred in this Action.  The Named Defendants do not waive or covenant not to sue for any other claim that they may have against each other or an entity or person other than a Releasee not including the Named Defendants, including but not limited to the claims in the matter captioned "Scott Weikel v. Gabriel Gillen et al," in the Superior Court of New Jersey, Monmouth County, Docket No. MON-L-004252-24 (the "State Court Action").

> The Named Defendants in the State Court Action further agree that the settlement of the *Arias* litigation does not constitute a waiver or release of any defense which any of the Named Defendants may have against one another in the State Court Action with the exception for any claim for reimbursement noted in the above paragraph. The Named Defendants reserve the right to assert all legal defenses against each other in the State Court Action.

The proposed language by the Gillens as set forth above does not preclude or prohibit Weikel from pursuing his claims against the Gillens in the State Court Action, which is what he undoubtedly agreed to at the settlement conference. However, this language preserves any and all defenses available to the Gillens in the State Court Action or any other action brought by Weikel against them, or for that matter by the Gillens against Weikel.

There is no factual basis on this record to include in the settlement a waiver of defenses to other actions the Defendants may file or have filed against each other. Weikel's motion and brief offer no testimony that the parties ever discussed the waiver of any defenses in any other action until after the parties had already agreed to release language. Belatedly including such a term in the settlement would be a material addition to the settlement and the record is undisputed that the Gillens, FFF and AnnieMac rejected Weikel's proposal to add it but had otherwise agreed, with Plaintiffs and Weikel, to all other terms material to the settlement of Plaintiff's claims in the Complaint and the action before this Court. Weikel's motion improperly asks this Court to enforce release language different than the record establishes with respect to the defendants agreed to language by forcing the other co-defendants to waive defenses in the State Court action that they never agreed to waive.

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C**.
May 8, 2025
Page 3

   Accordingly, the Gillens request that their motion to enforce the settlement be granted and that the release amongst the defendants allow the defendants to bring any claim against each other than one seeking reimbursement for the settlement payments made in this case and assert any defense in any other claim or action bought against them.

       Respectfully submitted,

       **MARKS, O'NEILL, O'BRIEN,
       DOHERTY & KELLY, P.C.**

       */s/ Noreen P. Kemether*
       Noreen P. Kemether, Esquire

NPK/npk
cc: All counsel via e-filing
   Thomas A. Hagner, Esquire
   Dominic J. Aprile, Esquire

{04225299 v1}
4925-8279-8913, v. 1