Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000   201.489.1536  fax



COLE SCHOTZ P.C.

New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Connor M. Mannion
Associate
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6274
Writer's Direct Fax: 201.678.6274
Writer's E-Mail: CMannion@coleschotz.com

May 8, 2025

**<u>Via Electronic Case Filing</u>**
Hon. J. Brendan Day, U.S.M.J.
United States District Court
for the District of New Jersey
402 East State Street
Trenton, NJ 08608

   Re: Fransisca Arias, et al. v. Family First Funding, LLC ("FFF"), et al.
      Docket No.: 3:23-cv-01226-RK-JBD

Dear Judge Day:

   This letter serves as AnnieMac's reply in support of its Motion to Enforce Settlement (Doc. 96). In that Motion, AnnieMac argues, among other things, there is no genuine issue of material fact that the defendants agreed to release each other only from all claims seeking reimbursement for the settlement amounts each agreed to pay Plaintiffs and that they were not expressly releasing any other claims. This release was agreed to at the settlement conference on December 17, 2024, and then confirmed in writing and agreed to by Weikel on December 23, 2024. *See* Doc. 96.

   Weikel, through his motion to enforce settlement (Doc 97), seeks to enforce a broader release of claims that includes a waiver of defenses the co-defendants have to his non-released claims. In support, he claims he did not agree to the release language circulated before January 7, 2025, because he did not receive the entire settlement agreement until January 7, 2025. Doc 97-2, ¶ 10. Second, he claims he told "the Court and counsel at least three times that [he] would only agree to settle if it did not hurt [his] anticipated state court case . . . ." *Id.*, ¶ 5. Third, he claims any settlement was conditioned on co-defendants waiving claim preclusion defenses to his state court

COLE SCHOTZ P.C.

May 8, 2025
Page 2

claims because his private counsel (Mr. Aprile) told his other counsel (Ms. Weckerly) on December 16, 2024, that any claims Weikel has against the other defendants (other than as to his contributions to a settlement) must be reserved and preserved, and any such claims that may be pursued shall not be subject to the Entire Controversy Doctrine or any other claim-preclusions rule or doctrine. Doc. 97-4, ¶ 4. As set forth below, none of these arguments create an issue of material fact that a settlement was not reached or establish that the Gillens or AnnieMac agreed to waive claim preclusion defenses to Weikel's state court claims.

First, it is irrelevant that Weikel did not receive a draft of the entire settlement agreement until January 7, 2025. The only settlement term Weikel disputes is the release language but he does not contest, and it is undisputed, that his attorney (Ms. Weckerly) received a draft of the entire settlement agreement *before* January 7, 2025, that his other attorney (Mr. Carbone) received the draft release language by December 23, 2024, and that both attorneys *approved* the draft release language circulated on December 23, 2024. Neither Weikel's nor Carbone's Declarations contradict Ms. Weckerly's testimony that she received an email from Carbone on December 23, 2024, in which he "informed [her] that the specific [release] language that was proposed by the other defense counsel to be included in the settlement language was acceptable." *See* Exhibit 1 hereto, Certification of Michele Weckerly, Esquire in Support of Motion to Withdraw, Document 78-2, p. 2. In response to receiving Carbone's email, Ms. Weckerly told counsel for the other defendants that release language was approved. *Id*.

Second, Weikel agreed to this release language because it was consistent with his stated position at the settlement conference that he would not expressly release his other claims against the Gillens and AnnieMac as part of a settlement of this case. No one disagrees with this notion, and it is consistent with Weikel's testimony that he "advised the Court and counsel at least three

COLE SCHOTZ P.C.

May 8, 2025
Page 3

times that [he] would only settle if it did not hurt [his] anticipated state court case . . . ." This is precisely why the release language expressly includes language that Weikel is not releasing any other claims he had against the co-defendants.

Expressly preserving Weikel's right to file other claims, however, is vastly different than the co-defendants expressly waiving defenses to those claims, which there is no evidence Weikel asked them to do, let alone they agreed to do. Neither Weikel nor \ his counsel have testified that they asked the co-defendants at the settlement conference to waive their  defenses to Weikel's claims. This is consistent with the testimony of counsel for AnnieMac, who testified that no one asked AnnieMac at the settlement conference to waive defenses to Weikel's state court claims. *See* Doc 96-3, ¶ 18. Weikel is left to argue only that his counsel discussed it amongst themselves *before* the settlement conference and then weeks later asked the co-defendants to waive defenses after he had already agreed to the release language. This is insufficient to show that there was a "meeting of the minds" that the co-defendants agreed to waive defenses to Weikel's other claims, let alone defeat the "meeting of the minds" on the release language the parties had already agreed to it. At best, it was a counteroffer under New Jersey that co-defendants rejected. Nothing in the agreed to settlement prevents Weikel from continuing to prosecute his state court claims or the Gillens or AnnieMac from raising claim preclusion defenses to those claims.

COLE SCHOTZ P.C.

May 8, 2025
Page 4

      For these reasons, and those in our letter dated April 25, 2025, AnnieMac respectfully requests that the Court grant its Motion to Enforce Settlement.

                    Respectfully submitted,

                    COLE SCHOTZ P.C.

                    */s/* Connor M. Mannion

                    - and -

                    MADDIN HAUSER

                    /s/ Rob M. Horwitz

cc:    All counsel of record (vie electronic case filing)