UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANSISCA ARIAS, *et al.*, | Civ. No. 23-1226 (JBD) |
| Plaintiffs, | ORDER |
| v. | (Redacted) |
| FAMILY FIRST FUNDING, LLC, *et al.*, | |
| Defendants. | |

Before the Court are several motions to enforce settlement filed by defendant American Neighborhood Mortgage Acceptance Company, LLC, d/b/a AnnieMac Home Mortgage ("AnnieMac") [Dkt. 96]; defendants Gabriel and Neusa Gillen ("the Gillens") [Dkt. 98]; defendant Family First Funding, LLC, who joins and adopts the motions to enforce by AnnieMac and the Gillens [Dkt. 102]; defendant Scott Weikel [Dkt. 106]; and plaintiffs [Dkt. 107]. Also before the Court is a motion filed by Salmon, Ricchezza, Singer & Turchi, LLP ("SRST") for an Order permitting the firm's withdrawal as counsel for defendant Weikel. [Dkt. 78.] For the reasons set forth in the accompanying Opinion, and for other good cause shown,

IT IS on this 1st day of July, 2025,

**ORDERED** that the Gillens' and plaintiffs' respective motions to enforce [Dkts. 98, 107] are GRANTED; and it is further

**ORDERED** that Family First's follow-on motion to enforce [Dkt. 102] is GRANTED; and it is further

**ORDERED** that AnnieMac's motion to enforce [Dkt. 96] is GRANTED in part and DENIED in part; and it is further

**ORDERED** that Weikel's motion to enforce [Dkt. 106] is DENIED; and it is further

**ORDERED** that the settlement agreement reached during the settlement conference on December 17, 2025 shall be ENFORCED pursuant to the following terms:

i. Defendants shall make an aggregate settlement payment to the six named and four opt-in plaintiffs totaling ▉▉▉▉, with the Gillens contributing ▉▉▉▉ and Weikel and AnnieMac each contributing ▉▉▉▉ toward that sum.

ii. Defendants shall remit to plaintiffs payment of their respective settlement amounts within thirty days of the date of this Order.

iii. Upon receipt of payment, plaintiffs shall execute a full and general release of their claims against defendants relating to their employment with Family First, to the full extent permitted by federal and state law. Plaintiffs also shall file a voluntary dismissal of their claims pending in this case.

iv. Plaintiffs shall indemnify defendants from any tax treatment relating to the settlement payments.

v. The terms of the settlement agreement shall remain confidential, to the full extent permitted by law.

vi. Plaintiffs' counsel has represented that his firm has no clients other than the six-named and four opt-in plaintiffs with similar wage claims against defendants.

vii. The settlement agreement shall be governed by New Jersey law.

viii. No party admits liability to any of the claims asserted in this case.

ix.  If plaintiffs do not receive the full settlement amount, any party may file either a motion to enforce the settlement or opt to proceed with litigation.

x.  If a motion to enforce the settlement is filed, the prevailing party or parties shall be entitled to an award of reasonable attorneys' fees, costs, and expenses incurred in connection with the motion.

xi.  The Court will retain jurisdiction over the case for purposes of enforcing the settlement.

xii.  Defendants mutually release any claims for reimbursement of their respective contributions to the aggregate settlement payment to plaintiffs, and, except as provided above, any claims for reimbursement of any costs or fees incurred in this matter. Defendants do not release any other claims or defenses that they have or may have against each other.

**IT IS FURTHER ORDERED** that SRST's motion to withdraw as counsel for defendant Weikel [Dkt. 78] is GRANTED; and it is further

**ORDERED** that the parties shall meet and confer and, no later than **July 15, 2025**, submit to chambers (via jbd_orders@njd.uscourts.gov) proposed redactions to this Order and the accompanying Opinion consistent with the confidentiality provision of the settlement agreement; and it is further

**ORDERED** that pursuant to the settlement agreement, any party may file a motion for attorneys' fees, costs, and expenses incurred in connection with their

respective motions to enforce. Any such motions shall be filed no later than **August 8, 2025** and shall be returnable on **September 2, 2025**.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE